THE BOWKER FERTILIZING COMPANY

*vs.*

WILLIAM C. SPAULDING, and another.

Aroostook.    Opinion June 3, 1899.

*Trustee Process.    Trust.*

Trustees who receive a trust primarily for their own benefit and secondarily for other creditors are held to absolute good faith and strict fidelity in the execution of the trust.

The defendants took the title to land subject to a mortgage, which they assumed and agreed to pay, and to certain chattels to secure themselves and then hold the balance for the other creditors.    They did not pay the mortgage but permitted a friend to get an assignment of it and then foreclosed it and gained absolute title to the land.    *Held;* That such proceedings must be regarded as a sale of the equity for cash to be applied to their debt together with cash from a sale of the chattels; thus leaving a balance in their hands subject to attachment, as the trust was voluntary and no other creditors had assented thereto.

*Held;* on scire facias that the defendants, who were trustees in the original suit, are liable to the plaintiffs.

ON REPORT.

This was scire facias against trustees who did not disclose in the original action.    The plaintiff contended that the defendants in

this case did not by their disclosures exonerate themselves from liability, and this question was submitted to the decision of the law court by the parties.

The transactions between the parties were evidenced by no writings except the bill of parcels of personal property and deed of land mentioned in the opinion of the court.

*F. A. and Don H. Powers,* for plaintiff.

*Louis C. Stearns,* for defendants.

If the land was taken in trust, the trustee cannot be held as to that, unless it has been converted into money or something has been received by way of rents and profits. *Bissell* v. *Strong,* 9 Pick. 562; *Tucker* v. *Clisby,* 12 Pick. 22. Nor could they be held though the land were sold before disclosure made, but after service upon them. *Sanford* v. *Bliss,* 12 Pick. 116.

When any trustee's disclosure is not contradicted by other evidence and appears to be full and true, it is to be deemed true in deciding how far he is chargeable. *Hamilton* v. *Hill,* 86 Maine, 137.

The land has gone into the hands of an assignee of the mortgagee and nothing has ever been received therefrom from the defendants. If it be suggested that the defendants could be held because the conveyance is absolute, they would clearly be liable only for its value. It had no value above the mortgage.

The defendants cannot be held because of their taking the personal property. The total amount received for it and its total value were less than the debts severally due the defendants. By the terms of the trust their debts were to be paid in full.

The defendants have fully and frankly disclosed. The court must hold the defendants' disclosure to be true. *Chase* v. *Bradley,* 17 Maine, 89; *Hinckley* v. *Hinckley,* 43 Maine, 440.

There was no arrangement between these parties that anything should be returned to the vendor or retained for his use. Whatever there was after paying the vendees, was to be paid to the creditors to the last penny. There was no proposition or purpose whatsoever to hinder or delay creditors. On the contrary it was provided that the property was to be converted into money in the

creditors' interest.  Unfortunately, as it turned out, there was not enough to pay the defendants, but they are not responsible for that.

SITTING:  HASKELL, WHITEHOUSE, WISWELL, STROUT, SAVAGE, JJ.

HASKELL, J.  Scire facias against trustees.  Plaintiff's debtor, being insolvent and about to leave home, conveyed certain chattels to defendants, from which they realized in cash $767.79, and also an equity of redemption by deed for the expressed consideration of $3000, containing a clause :  "Said premises are hereby conveyed subject to a certain mortgage owned by the Union Mutual Life Insurance Company, on which the sum of $1800, with interest from November 12, 1895, is now due, (the deed was dated March 3, 1896), which mortgage the grantees, their heirs and assigns, are to assume and pay, the said amount forming a part of the above named consideration."  The grantor owed the grantees, at the date of the deed, about $926.89.  All the evidence, taken together, shows a purpose on the part of the debtor to prefer defendants and then secure his other creditors by the trust he had raised in defendants' hands.  There seems to have been no fraud on the debtor's part.  The defendants became trustees for creditors and were bound to execute their trust according to its terms with strict fidelity.  Any evasion or attempt not to do so would become a fraud upon the other creditors.  The terms of their trust required them to pay the mortgage and then hold the chattels and land conveyed to them to secure themselves for their original debt and the amount paid to redeem the mortgage and apply the balance to other creditors.  Did they perform their trust?  No.  Spaulding, one of the trustees, and Geo. I. Trickey, originally took the mortgage and afterwards transferred it to an insurance company and indorsed the notes waiving demand and notice.  Trustees, instead of paying the mortgage as they had engaged to do, permitted Trickey to take an assignment of the mortgage and then, by foreclosure, gain title to the farm, which he did.  To permit him to hold this title for his own benefit would be a fraud by the trustees

upon the other creditors, to whom their engagement in their deed to pay the mortgage inured. *Cumberland Nat. Bank* v. *St. Clair,* ante, p. 35.

One view only shows good faith, and that is, trustees to be held, by their conduct, to have sold the equity in the farm to Trickey at a fair value and for cash, which became assets in their hands in execution of their trust, and which, together with cash received from the sale of the chattels conveyed to them, should be applied to the payment of their own debts, leaving the balance subject to attachment, because the trust was voluntary and no creditor had become a party thereto, so that his rights became fixed. *Pleasant Hill Cemetery* v. *Davis,* 76 Maine, 289. The action is scire facias, and the plaintiffs should have judgment against the trustees as defendants herein.

*Defendants defaulted for $236.90.*